UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Julie Longenecker,

    Plaintiff,

v.

Wells Fargo Bank, N.A., and
Deangelo Ellis,

    Defendants.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 21-1404 (MJD/HB)

---

    Randall G. Knutson, Knutson + Casey Law Firm, Counsel for Plaintiff.

    Erin L. Hoffman and Adam J. Pabarcus, Faegre Drinker Biddle & Reath LLP, Counsel for Defendants.

---

This matter is before the Court on Plaintiff's motion to remand to state court. [Doc. No. 10]

**I.    Background**

Plaintiff is a citizen of Minnesota, and filed this action in Dakota County, Minnesota state court seeking monetary relief in excess of $75,000 for breach of contract and fraud arising out of Defendants' failure to properly manage her escrow account. Defendant Ellis ("Ellis") is a citizen of Minnesota, and

1

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") is a national bank with its headquarters in Sioux Falls, S.D.

Wells Fargo removed the action to this Court on the basis of diversity jurisdiction, as the amount in controversy exceeds $75,000 and there is complete diversity between Plaintiff and Wells Fargo. Wells Fargo argues that Ellis was fraudulently joined in an attempt to defeat diversity.

### A. Factual Allegations in the Complaint

Plaintiff entered into a mortgage contract with Wells Fargo for the mortgage on her home. (Comp. ¶ 4.) The contract terms provided that home insurance payments would be taken from the monthly payment and held in escrow until due, at which time Wells Fargo would make the home insurance payment directly to the insurer. (Id.)

Plaintiff alleges that Wells Fargo breached the contract by withholding the insurance payments, but not making the payment to the insurer. (Id. ¶ 5.) On November 12, 2020, Plaintiff received a letter from Wells Fargo informing her that her home insurance had expired. (Id. ¶ 7.) On December 7, 2020, Plaintiff received a "second and final notice" from Wells Fargo informing her to pay her home owner's insurance. When Plaintiff contacted Wells Fargo after receiving

the first letter, she was told to submit the coverage policy on the company's website, which she did.  (Id. ¶ 9.)  On December 16, 2020, Plaintiff received an email from Wells Fargo which stated she had no insurance coverage.  (Id. ¶ 10.)  Thereafter, Plaintiff had her insurance agent, Matt Kirkpatrick, contact Wells Fargo directly.  (Id.)  Kirkpatrick later informed Plaintiff that he had made two requests to Wells Fargo to pay the insurance – on September 1, 2020 and October 3, 2020 – and both requests went unanswered.  He further told Plaintiff that the broker that had placed the policy was contacted by Wells Fargo on November 12, 2020, and asked to reinstate the policy.  (Id. ¶ 11.)

Due to the delay, the homeowner's insurance carrier refused to write another policy for Plaintiff at that time, so she began to look for a new policy.  (Id. ¶ 12.)  While she looked for a new policy, Plaintiff contacted Wells Fargo with the new information she received from Kirkpatrick and the broker.  (Id. ¶ 13.)  She spoke with six different individuals with no resolution.  She then contacted Ellis, who was listed as her Mortgage Consultant on Wells Fargo's website, but he refused to help her.  (Id.)

The Complaint asserts a number of additional allegations as to further contacts between Plaintiff and other Wells Fargo representatives about the

investigation concerning Wells Fargo's failure to make the insurance payments, but Ellis is not mentioned in any of the remaining allegations.  (See Id. ¶¶ 14-35.)

Plaintiff has asserted five causes of action: negligence; breach of contract; fraud; violation of the Minnesota Consumer Fraud Act, Minn. Stat. § 325F.69; and unjust enrichment.  It is Wells Fargo's position that as Plaintiff has failed to assert any colorable claims against Ellis, he was fraudulently joined to defeat diversity jurisdiction.

## II.   Motion to Remand

Federal law provides that after removal, a plaintiff may move to remand the case to state court, and the Court may order remand if it appears it lacks subject matter jurisdiction over the asserted claims.  In re Prempro Prod. Liab. Litig., 591 F.3d 613, 620 (8th Cir. 2010) (citing 28 U.S.C. § 1447(c)).  Defendant has the burden of demonstrating federal jurisdiction by a preponderance of the evidence and all doubts as to federal jurisdiction are to be resolved in favor of remand.  Id.

Plaintiff argues that remand is appropriate as there is a lack of diversity jurisdiction as both she and Ellis are residents of Minnesota.  She further asserts that she has alleged colorable claims against Ellis, and for purposes of remand,

4

that is all that is required.  See Kyle v. Envoy Mortg., LLC, 18-cv-2396, 2018 WL 6600105, (S.D. Cal. Dec. 17, 2018).  Plaintiff further argues that the rule of unanimity provides that all defendants need to join the removal to federal court for the removal to have effect.  Failure of one or more defendants to join renders the removal notice defective.  James W. Moore et al., Moore's Federal Practice § 107.11(1)(c).  Plaintiff claims Wells Fargo's notice of removal is defective because Ellis did not join.

Fraudulent joinder is an exception to the complete diversity rule, and "occurs when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal.  When determining if a party has been fraudulently joined, a court considers whether there is any reasonable basis in fact or law to support a claim against a nondiverse defendant."  In re Prempro Prod. Liab. Litig., 591 F.3d at 620 (internal citation omitted).  Where "there is a 'colorable' cause of action – that is, if the state law might impose liability on the resident defendant under the facts alleged – then there is no fraudulent joinder."  Filla v. Norfolk Southern Ry. Co., 336 F.3d 806, 810 (8th Cir. 2003).

The Court finds that the factual allegations in the Complaint are insufficient to create any reasonable basis for any claim against Ellis.  The only

allegation against Ellis in the Complaint is that he refused to help Plaintiff when she contacted him about the insurance payments. Further, Plaintiff called Ellis in his capacity as the local Wells Fargo representative, who was listed on the Wells Fargo website as her Mortgage Consultant. Thus, the allegation against Ellis involves actions that are within the scope of his employment.

Plaintiff attempts to bolster the allegations against Ellis in an affidavit submitted in support of her motion to remand, but the law provides that when determining fraudulent joinder, the Court looks only to the complaint. See Filla, 336 F.3d at 810; Anderson v. The Home Insurance Co., 724 F.2d 82, 84 (8th Cir. 1984) (fraudulent joinder determined based on whether state court pleadings assert a claim). Regardless, the additional allegations in Plaintiff's affidavit do not provide a reasonable basis for a claim against Ellis. None of the additional allegations involve Ellis acting outside the scope of his employment, and at best, describe Ellis as not knowing why the insurance was not being paid, that he was unable to help her and that he tried to put her in contact with someone to help. Not knowing why something was happening and not being able to help does not create a reasonable basis for liability under any of the claims asserted.

As to the claims asserted, under Minnesota law, Plaintiff has not demonstrated that Ellis owed a duty to Plaintiff, therefore there is no reasonable basis for her negligence claim against him. In her Complaint, Plaintiff alleges that "Wells Fargo did negligently fail to pay Plaintiff's homeowner's insurance, negligently followed up once the mistake was made, and negligently charged Plaintiff inappropriate fees for their mistakes." (Comp. ¶ 36.) Plaintiff does not allege that Ellis acted negligently and none of the facts alleged support a negligence claim against Ellis.

As for the breach of contract claim, Ellis did not enter into a contract with Plaintiff. The only contract identified is the mortgage, and that was between Wells Fargo and Plaintiff.

There is also no basis in fact for the fraud claim against Ellis. To prove fraud, Plaintiff must show:

> there was a false representation by a party of a past or existing material fact susceptible of knowledge; (2) made with knowledge of the falsity of the representation or made as of the party's own knowledge without knowing whether it was true or false; (3) with the intention to induce another to act in reliance thereon; (4) that the representation caused the other party to act in reliance thereon; and (5) that the party suffer[ed] pecuniary damage as a result of the reliance.

7

Hoyt Prop., Inc. v. Prod. Res. Grp, LLC, 736 N.W.2d 313, 318 (Minn. 2007).  In the Complaint, Plaintiff alleges "Defendant did fraudulently collect and hold money from Plaintiff in escrow, and then refused or delayed proper payment from the escrow, in order to fraudulently keep Plaintiff's (and possibly other customer's) fund for their own improper use."  (Comp. ¶ 42.)  Plaintiff does not allege that Ellis collected, held or processed any of her funds, only that she called him and he refused to help her.  Further, Plaintiff only alleges that Ellis refused to help her – not that he made a false or material representation that she relied on to her detriment.

With regard to the claim under the Minnesota Consumer Fraud statute, there are no factual allegations against Ellis to establish that he violated this statute – which prohibits any "act, use or employment by any person of any fraud, false pretense, false promise, misrepresentation, misleading statement or deceptive practice, with the intent that others rely thereon in connection with the sale of any merchandise, whether or not any person has in fact been misled, deceived, or damaged."  Minn. Stat. § 325F.69, subdiv. 1.  Plaintiff has not alleged that Ellis was involved in the sale of anything to Plaintiff, so none of his conduct could fall under the scope of Minn. Stat. § 325F.69.  Further, Plaintiff does not

allege that Ellis was involved with the processing or administration of her escrow account, nor does she allege he made any false or material statements to Plaintiff.

Plaintiff has also failed to allege a reasonable basis for a claim against Ellis for unjust enrichment. A claim of unjust enrichment requires evidence that 1) a benefit was conferred by the plaintiff on the defendant; 2) the defendant accepted the benefit; and 3) the defendant retained the benefit. Zinter v. Univ. of Minn., 799 N.W.2d 243, 247 (Minn. Ct. App. 2011). In her Complaint, Plaintiff alleges that "Defendant did collect and hold money from Plaintiff in escrow, and then refused or delayed payment from the escrow, in order to keep Plaintiff's (and possibly other customer's) funds for their own improper use, and were therefore unjustly enriched at the expense of Plaintiff." (Comp. ¶ 49.) There are no allegations that Ellis ever had possession, custody or control of Plaintiff's money, or that he personally received a benefit, therefore there is no reasonable basis for a claim of unjust enrichment against Ellis.

Because Plaintiff has failed to allege a colorable claim against Ellis, the Court finds that he was fraudulently joined. As a result, his consent is not needed for removal. Couzens v. Donohue, 854 F.3d 508, 513 (8th Cir. 2017).

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand to State Court [Doc. No. 10] is **DENIED**.

Date:  September 21, 2021

                                      s/Michael J. Davis  
                                      Michael J. Davis  
                                      United States District Court